**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| RONALD BAXTER, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 2:13-cv-0030-WTL-WGH |
| ) | |
| RAFAEL A. SANCHEZ, Lawyer, ) | |
| Client-lawyer/Co-worker, and ) | |
| RAFAEL A. SANCHEZ, Reporter, ) | |
| News reporter channel 6 news, ) | |
| ) | |
| Defendant. ) | |

**Entry and Order Dismissing Action**

**I.**

**A.**

The plaintiff's renewed motion to proceed *in forma pauperis* [7] is **denied** because his request for that status was granted on February 13, 2013.

**B.**

The plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h) and the amended complaint filed on February 22, 2013, must be screened pursuant to 28 U.S.C. § 1915A(b).

A person seeking to invoke federal jurisdiction has the burden of proof to demonstrate at the outset that the federal court has the authority to hear the case. *See McNutt v. General Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 182-89 (1936). The Seventh Circuit has explained:

> Federal district courts are courts of limited jurisdiction . . . . Congress has conferred subject matter jurisdiction on the district courts only in cases that raise a federal question and cases in which there is diversity of citizenship among the parties. See 28 U.S.C. §§ 1331-32.

*Smart v. Local 702 Intern. Broth. of Elec. Workers,* 562 F.3d 798, 802 (7th Cir. 2009).

The amended complaint does not contain an allegation which supports a plausible claim for relief sufficient to invoke the court's limited jurisdiction. Even if the court could conclude otherwise, moreover, the action would be dismissed for the same reasons as explained in *Baxter v. WTRV TV, et al.,* No. 2:12-cv-199-WTL-WGH (S.D.Ind. Sept. 19, 2012).

Although the dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is now mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), this disposition is solely as to any federal claim the plaintiff may believe he is asserting. Any pendent claim under Indiana state law is dismissed for lack of jurisdiction. In the circumstances of this--as is the general rule when federal claims are dismissed prior to trial--the pendent state law claims will be dismissed for lack of jurisdiction. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims") (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)).

## II.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/11/2013

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Ronald Baxter, Jr.
2204-28
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135